## CITY OF EDINBURG v. MAGEE et ux.

### No. 10108.

Court of Civil Appeals of Texas. San Antonio.

Nov. 4, 1936.

Montgomery, Hall & Taylor, of Edinburg, for appellant.

J. F. Carl and H. H. Rankin, Jr., both of Edinburg, for appellees.

SMITH, Chief Justice.

Both parties alleged under oath, and it is undisputed in the record, that lots 5, 6, 7, 8, and 9, in block 260, in the City of Edinburg, constitute the homestead of appellees, J. T. Magee and wife. It appears that for each of the years 1930 to 1935, inclusive, the City assessed said lots, in solido, and not separately, for city taxes; that after said taxes became delinquent, the City brought suit to foreclose the tax lien upon the property, in solido, obtained judgment therefor, and procured issuance of execution and order of sale of all said lots to satisfy the judgment. In all those proceedings the several lots involved were grouped as one parcel, that is, in solido and not separately.

After issuance of execution, and levy upon the property, and notice of sale thereunder, the Magees obtained a temporary injunction, without notice or hearing, restraining the sale. In due course the City moved to dissolve the injunction. The motion was denied, and the City has appealed.

Appellees' application for injunction was ancillary to, and the injunction was predicated upon, their suit, in the nature of a bill of review, to set aside the judgment of foreclosure, which had been rendered at a former term of the court.

Appellant's appeal rests upon two propositions: First, that as appellees had dedicated and used the several lots, in solido, as their homestead, the lots were properly assessed in solido; and, second, that in the main suit appellees had not alleged sufficient grounds to entitle them to judgment setting aside a judgment rendered at a former term, and therefore were not entitled to injunctive relief based upon the bill of review.

With reference to the first contention, although the general rule is that the taxpayer is entitled to have each separate tract or parcel of land separately valued, and assessed for taxes, and the tax lien separately fixed upon each so that one tract may not be charged or sold to satisfy the taxes upon another or other tracts (Richey v. Moor, 112 Tex. 493, 249 S.W. 172), yet it is now equally well settled that where two or more tracts or parcels are occupied and used together by the property owner for a single purpose, such as a homestead, their separate identities become merged into one by such use, and they may be valued and assessed in solido, and the tax lien may be fixed and foreclosed upon all as one parcel. State v. Baker, 49 Tex. 763; Orr v. Wallace (Tex.Civ.App.) 285 S.W. 650; Harrison v. Orr (Tex.Com.App.) 296 S.W. 871; Id. (Tex.Com.App.) 10 S.W.(2d) 381; Moody-Seagraves Co. v. City of Galveston (Tex.Civ.App.) 43 S.W.(2d) 967 (wr.ref.); City of Houston v. Stewart, 40 Tex.Civ.App. 499, 90 S.W. 49.

We therefore hold that as appellees all the while used and occupied and still use and occupy the several separate tracts involved, as one, and for the single purpose of a homestead, they cannot complain that the taxing authority valued and assessed those separate lots and fixed and foreclosed the tax lien upon them, in solido, as appellees had used them. Accordingly, we hold that the injunction was improvidently granted, and should have been dissolved upon appellant's motion therefor.

Athough it is not necessary to decide the second question presented, yet we deem it not inappropriate to say, in view of the fact that the main suit is still pending, that in our opinion appellees' petition in the bill of review is subject to the objections urged in appellant's second proposition.

The judgment is reversed, and the injunction dissolved.