**SLW AVIATION, INC., Appellant,**

v.

**HARRIS COUNTY APPRAISAL DISTRICT and Harris County Appraisal Review Board, Appellees.**

**No. 01–01–01151–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

March 27, 2003.

J. Cary Gray, Travis Scott Crabtree, Looper, Reed, Mark & McGraw Incorporated, Houston, for Appellant.

Kenneth Wall, Olson & Olson, Houston, for Appellees.

Panel consists of Justices HEDGES, TAFT, and JENNINGS.

## OPINION

TIM TAFT, Justice.

Appellant, SLW Aviation (SLW), challenges a take-nothing judgment rendered in its suit for judicial review against the Harris County Appraisal District (the District) and the Harris County Appraisal Review Board (the Board). We address whether (1) section 25.25(c)(3) of the Tax Code allows a correction in the appraisal rolls to take into account interstate allocation for an aircraft owned by SLW; (2) SLW's aircraft is entitled to commercial-aircraft allocation under section 21.05 of the Tax Code; and (3) SLW's remaining challenges are moot. We affirm.

## Facts

The facts are undisputed. SLW owned an aircraft that was registered at Hobby Airport and was taxable in Texas. The aircraft was leased to HCC Insurance Holdings, Inc. (HCC Insurance). The aircraft traveled outside of Texas, but returned to Texas for repair, storage, inspection, maintenance, and service.

For tax years 1996, 1997, and 1998, SLW timely rendered[1] the aircraft, but did not submit any information showing that SLW was entitled to allocation[2] in calculating the value of its aircraft. The District appraised the aircraft at its market value on January 1 of each of the referenced tax years, and SLW timely paid the taxes for years 1996 and 1997. SLW paid the 1998 taxes shortly after the deadline.

For tax year 1999, SLW timely rendered its aircraft and included information indicating that it wanted to allocate the aircraft's value. The District allocated the value of the aircraft under section 21.055 of the Tax Code (business aircraft). SLW filed a notice of protest, complaining that the aircraft's value should have been allocated under section 21.05 of the Tax Code (commercial aircraft). The District and the Board mailed a notice of hearing for the protest, but SLW did not receive the notice of hearing. The Board dismissed SLW's protest for tax year 1999 for failure to appear.

On April 30, 1999, SLW filed several motions to correct the appraisal roll under section 25.25(c)(3), contending that the District had failed to allocate the value of the aircraft for tax years 1996, 1997, and 1998. The Board denied the motions, and SLW sought judicial review.

The parties submitted the case to the trial court, and, after arguments, the trial court entered a take-nothing judgment in favor of the District and the Board.

---

1. "Rendition" is the reporting of taxable property by the owner to the appraiser. *See* JAY D. HOWELL, JR., 21 TEXAS PRACTICE: PROPERTY TAXES 348, § 361 (4th ed. 2001) ("Rendition is a written list of property and valuations filed with the assessor so that the property listed thereon will bear its fair share of the burdens of government.") [hereinafter HOWELL].

2. "Allocation" is the determination of the ratio of usage of personal property within each taxable situs when the property has more than one taxable situs. *See* HOWELL 336, § 331 ("Allocation is a procedure used to avoid double taxation. Allocation or apportionment of situs is sometimes used where an owner's property is located in two or more taxing jurisdictions.").

## Standard of Review

The case was tried on an agreed statement of facts pursuant to Texas Rule of Civil Procedure 263. *See* TEX.R. CIV. P. 263. A case submitted under Rule 263 is similar to a special verdict; it is a request by the parties for judgment in accordance with the applicable law. *See id.; see also Chiles v. Chubb Lloyds Ins. Co.*, 858 S.W.2d 633, 634 (Tex.App.-Houston [1st Dist.] 1993, writ denied). There are no presumptions in favor of the judgment because the trial court had no factual issues to resolve. *Stewart v. Hardie*, 978 S.W.2d 203, 206 (Tex.App.-Fort Worth 1998, pet. denied). The only issue on appeal is whether the trial court correctly applied the law to the agreed facts. *Harris County Appraisal Dist. v. Transamerica Container Leasing Inc.*, 920 S.W.2d 678, 680 (Tex.App.-Houston [1st Dist.] 1995, writ denied). Because the issue is purely a question of law, our review is de novo. *Stewart v. Hardie*, 978 S.W.2d 203, 206 (Tex.App.-Fort Worth 1998, pet. denied).

## Interstate Allocation

In its first issue, SLW contends that it may correct a prior year's appraisal roll under section 25.25(c)(3) of the Tax Code to reflect interstate allocation. This Court has today decided this issue in *Harris County Appraisal District v. Texas Gas Transmission Corp.*, 105 S.W.3d 88, 99, 2003 WL 1563867 (Tex.App.-Houston [1st Dist.] Mar. 13, 2003, no pet. h.), in which we held that the appraisal roll may not be corrected under section 25.25(c)(3) for interstate allocation. Consequently, we overrule SLW's first issue.

## Commercial Aircraft

In its second issue, SLW contends that the District and the Board erroneously determined that the aircraft was a business aircraft under section 21.055, instead of a commercial aircraft under section 21.05. *See* TEX. TAX CODE ANN. §§ 21.05, 21.055 (Vernon 2001).

For tax years 1996, 1997, and 1998, SLW filed a rendition without any information that SLW was entitled to allocation of the value of its aircraft. In *Texas Gas Transmission Corp.*, 105 S.W.3d at 94, 2003 WL 1563867, this Court today held that, to be entitled to allocation under the Tax Code, a taxpayer must provide information showing entitlement to allocation at the time of rendition. SLW did not do so. Consequently, we hold that SLW's failure timely to submit allocation documentation precludes allocation for tax years 1996, 1997, and 1998, under section 21.05 or any other section.

In contrast, for tax year 1999, SLW timely rendered its aircraft and provided allocation documentation. The fair market value of the aircraft in tax year 1999 was $10,065,440. The District allocated the fair market value of the aircraft under section 21.055, governing business aircraft, at an appraised value of $3,970,770.

If section 21.05, governing commercial aircraft, applied, the allocated value of the aircraft would be $74,110. A commercial aircraft is an instrumentality of air commerce that is:

(1) primarily engaged in the transportation of cargo, passengers, or equipment for others for consideration;

(2) economically employed when it is moving from point to point as a means of transportation; and

(3) operated by a certificated air carrier. A certificated air carrier is one engaged in interstate or intrastate

commerce under authority of the U.S. Department of Transportation. TEX. TAX CODE ANN. § 21.05(e).

SLW relies on the parties' agreement that the aircraft was engaged in interstate or intrastate commerce under authority of the U.S. Department of Transportation to argue that the aircraft was a "certified air carrier" and, thus, a commercial aircraft. The District contends, however, that it is not the aircraft itself, but the aircraft's operator, who must be a "certified air carrier." We agree with the District.

■ The statute clearly requires that the operator be a certificated air carrier. *See id.* § 21.05(e)(3). If the Legislature had intended for section 21.05(e)(3)'s certification requirement to apply only to the aircraft itself, then the statute would have stated only that the aircraft be one that "*is a certified air carrier*" and would not instead have stated that the aircraft be one that "*is operated by* a certified air carrier" who is "one engaged in interstate or intrastate commerce." *See id.* The San Antonio Court of Appeals has twice noted that the Legislature intended for section 21.05(e)(3) to apply when an aircraft's operator is a certified air carrier, even when the aircraft's owner is not. *See Fairchild Aircraft, Inc. v. Bexar Appraisal Dist.,* 47 S.W.3d 577, 582 n. 13 (Tex.App.-San Antonio 2001, pet. denied); *First Aircraft Leasing, Ltd. v. Bexar Appraisal Dist.,* 48 S.W.3d 218, 223 n. 14 (Tex.App.-San Antonio 2001, pet. denied). We agree with the San Antonio court's recognition that section 21.05(e)(3)'s certification requirement refers to the operator. Section 21.05(e)(3) simply does not require the aircraft to be certified; rather, it requires the aircraft's operator to be certified. *See* TEX. TAX

CODE ANN. § 21.05(e)(3). The record did not show that the aircraft's operator, HCC Insurance, SLW's lessee, was a certificated air carrier. Therefore, we hold that the aircraft was not a commercial aircraft under section 21.05.

We overrule SLW's second issue.

### Lack of Notice

In its third issue, SLW contends that, even if section 25.25(c)(3) does not apply, SLW is still entitled to allocation for tax year 1999 because SLW never received notice of the hearing for its chapter 41 protest for tax year 1999. The parties agreed to address allocation for tax year 1999 on its merits. Because they agreed to do so, we overrule SLW's third issue as moot.

### Substantial Compliance

The Board overruled SLW's 25.25(c)(3) motion to correct the 1998 appraisal roll without a hearing because SLW failed timely to pay its 1998 taxes. In its fourth issue, SLW contends that it was entitled to have its motion to correct the 1998 appraisal roll heard and determined because SLW had substantially complied with Tax Code section 42.08[3] by paying all of its 1998 taxes and late fees shortly after the deadline.

Because we have already held that SLW could not file a motion to correct the appraisal roll under section 25.25(c)(3), we need not address whether SLW was entitled to have its section 25.25(c)(3) motion determined because of alleged substantial compliance with section 42.08.

We overrule SLW's fourth issue.

---

3. *See* TEX. TAX CODE ANN. § 42.08 (Vernon 2001). A party bringing a motion under section 25.25(c) forfeits its right to a final determination of the motion unless the party timely pays its taxes pursuant to Tax Code section 42.08. *See* TEX. TAX CODE ANN. § 25.25(e) (Vernon 2001).

## Conclusion

We affirm the trial court's judgment.