ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

August 23, 2010

The Honorable Byron Cook
Chair, Committee on Environmental Regulation
Texas House of Representatives
Post Office Box 2910
Austin, Texas 78768-2910

Opinion No. GA-0790

Re: Combining real property and improvements on one parcel identification number or taxpayer account for appraisal district record purposes (RQ-0827-GA)

Dear Representative Cook:

You ask who determines whether land and improvements are combined on one single parcel identification number or taxpayer account for appraisal district[1] record purposes when the land and improvements are under common ownership.[2]

While we find no state law that directly addresses who determines whether land and improvements are combined in a single taxpayer account or parcel, we conclude on the basis of express provisions of the Tax Code that it is an administrative determination made by the chief appraiser.[3] Section 25.02 of the Tax Code provides that "[t]he appraisal records shall be in the form prescribed by the comptroller" and must include, among other things, the appraised or market value of land and the appraised value of improvements to land. TEX. TAX CODE ANN. § 25.02(a)(5)–(6) (Vernon 2008). Section 25.03 provides that "[p]roperty shall be described in the appraisal records with sufficient certainty to identify it." Id. § 25.03. The chief appraiser, who is the chief administrator of the appraisal office, is charged with preparing the appraisal records and must exercise his administrative discretion in carrying out these and other functions set out in the Tax Code. See id. §§ 6.05(c) (providing that the chief appraiser is the chief administrator of the appraisal

---

[1]The Tax Code establishes an appraisal district in each county and requires each district to appraise property for each taxing unit that imposes ad valorem taxes on property in the district. TEX. TAX CODE ANN. § 6.01(a)–(b) (Vernon 2008).

[2]Request Letter at 1 (available at http://www.texasattorneygeneral.gov).

[3]You note that subsection 25.08(a) provides that, with certain exceptions, "an improvement may be listed in the name of the owner of the land on which the improvement is located." TEX. TAX CODE ANN. § 25.08(a) (Vernon 2008) (emphasis added); Request Letter at 2 (asking "'who' may add the improvements to the account of the real property" under section 25.08(a)). Because we do not understand a reference to the listing of separate real property components to equate to a directive about how to organize the various components of real property into taxpayer accounts or parcels, we do not believe subsection 25.08(a) addresses your question.

office), 25.01 ("the chief appraiser shall prepare appraisal records listing all property that is taxable in the district"); *see also id.* § 25.08 (requiring chief appraiser to examine information submitted and notify owners of property whether they qualify for separate taxation of land and improvements). Organizing land and improvements into taxpayer accounts or parcels is one mechanism the chief appraiser uses in carrying out these functions. *Cf.* 34 TEX. ADMIN. CODE § 9.3001(b)(2) (2010) (Tex. Comptroller of Pub. Accounts, Appraisal Cards) (requiring appraisal districts to prepare an appraisal card that includes for each parcel of residential or commercial real estate the account number of the property).

You suggest that a real property owner may, at his discretion, render the land and improvements separately such that they "would be classified [by the appraisal district] as separate parcels of property with separate account identification numbers for the appraisal district records." Request Letter at 2. You do not provide any legal analysis to support the proposition that the chief appraiser would be bound by a taxpayer's division of land and improvements as presented in a rendition or describe the authority under which a taxpayer would be authorized to make such a division.[4]

"'Rendition' is the reporting of taxable property by the owner to the appraiser." *SLW Aviation, Inc. v. Harris County Appraisal Dist.*, 105 S.W.3d 99, 101 n.1 (Tex. App.—Houston [1st Dist.] 2003, no pet.); *see also Hill v. Stone*, 421 U.S. 289, 292 n.1 (1975) ("To 'render' property for taxation means to list it with the tax assessor-collector of the taxing district in question."). The Tax Code provides that "[a] person may render for taxation any property that he owns" and prescribes the information that must be included in a rendition statement. TEX. TAX CODE ANN. § 22.01(a), (c) (Vernon Supp. 2009); *see also* 34 TEX. ADMIN. CODE § 9.3031(b), (d)(1) (2010) (Tex. Comptroller of Pub. Accounts, Rendition Forms) (providing that "[a] person rendering property shall use the model form adopted by the Comptroller of Public Accounts or a form containing information which is in substantial compliance with the model form" and adopting, among others, Form 50-141, entitled "General Real Estate Rendition of Taxable Property").

The Texas Supreme Court has broadly stated that "[o]rdinarily property should be appraised as rendered." *Cherokee Water Co. v. Gregg County Appraisal Dist.*, 801 S.W.2d 872, 876 (Tex. 1990) (citing *Electra Indep. Sch. Dist. v. Waggoner Estate*, 168 S.W.2d 645, 650 (Tex. 1943)). However, you do not identify and we did not find any instance in which this rule has been applied to a taxpayer's rendering separately land, and improvements on that land, that are under common ownership.

---

[4]We find nothing in the Tax Code that provides that a rendition is binding on a chief appraiser. On the contrary, the Tax Code provides that a chief appraiser is not bound by the taxpayer's valuation of property in the rendition. *See* TEX. TAX CODE ANN. § 25.19(a)(2) (Vernon 2008) (providing that "the chief appraiser shall deliver a clear and understandable written notice to a property owner of the appraised value of the property owner's property *if . . . the appraised value of the property is greater than the value rendered by the property owner*") (emphasis added); *cf. also Harris County Appraisal Dist. v. Reynolds*, 884 S.W.2d 526, 529 (Tex. App.—El Paso 1994, no writ) ("[T]he statute now in force does not include any prohibition against correcting the appraisal rolls to include property omitted although previously rendered by the taxpayer.").

Even if the general rule does apply to a taxpayer who renders land and improvements separately, the Texas Supreme Court has made it clear that the right to have property appraised as rendered is not an immutable right. *Cherokee Water Co.*, 801 S.W.2d at 876. We find several exceptions to the general rule. A taxpayer is, for example, estopped from complaining about parcels being valued as a single unit when he himself had rendered the parcels as one unit in past years. *See French Indep. Sch. Dist. v. Howth*, 134 S.W.2d 1036, 1037–38 (Tex. 1940). Similarly, a taxpayer who renders parcels as a single unit will not be heard to complain that parcels are valued separately when he fails to appeal the valuation of all the relevant parcels. *Cherokee Water Co.*, 801 S.W.2d at 876–77.

Additionally, a property will not be assessed and valued "in accordance with the description of the property owner's rendition [if] the property [is] being used in such a manner as to make it impossible to do so." *Id.* (citing *Electra Indep. Sch. Dist.*, 168 S.W.2d at 650). For instance, *Moody-Seagraves Co. v. City of Galveston* involved two contiguous tracts of land that contained a cotton mill building and various related improvements. *Moody-Seagraves Co. v. City of Galveston*, 43 S.W.2d 967, 969–70 (Tex. Civ. App.—Galveston 1931, writ ref'd). The improvements were valued as a whole. *Id.* at 969. The court explained that "[w]hile the general rule requiring the separate valuation and assessment of separate pieces of property is well settled, . . . it is equally well settled that where separate pieces of property are occupied and used by the owner for one and the same purpose, and their separate identities and values become merged and consolidated by such use, no separate valuation and assessment is required." *Id.* at 970. Likewise, in *City of Edinburg v. Magee* the court explained that "where two or more tracts or parcels are occupied and used together by the property owner for a single purpose, such as a homestead, their separate identities become merged into one by such use, and they may be valued and assessed in solido." *City of Edinburg v. Magee*, 97 S.W.2d 983, 984 (Tex. Civ. App.—San Antonio 1936, no writ).

A rendering taxpayer is not entitled, as a matter of law, to have property appraised in accordance with a rendition. We conclude that it is the chief appraiser who must, in the first instance, analyze the rendition in light of the facts and determine how to organize the property into taxpayer accounts or parcels.

## S U M M A R Y

The chief appraiser of an appraisal district determines whether land and improvements are combined into a single taxpayer account or parcel. A taxpayer's separate rendition of land and improvements does not change this conclusion.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

NANCY S. FULLER
Chair, Opinion Committee

Christy Drake-Adams
Assistant Attorney General, Opinion Committee