

# NUMBER 13-13-00397-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

CITY OF DALLAS, Appellant,

v.

KEN PAXTON,
ATTORNEY GENERAL OF TEXAS, Appellee.

## On appeal from the 126th District Court of
## Travis County, Texas.

## MEMORANDUM OPINION

### Before Justice Garza, Perkes and Longoria
### Memorandum Opinion by Justice Garza

In this lawsuit under the Public Information Act ("the PIA"), *see generally* TEX.

GOV'T CODE ANN. §§ 552.001–.353 (West, Westlaw through 2013 3d C.S.), the issue is

whether the City of Dallas's ("the City") confidential attorney-client communications are excepted from required public disclosure under the PIA when the City was late in requesting an attorney general decision on the information. The City argues that the fact that the information constitutes confidential attorney-client communications is a compelling reason to withhold the information from disclosure under section 552.302 of the government code, *see* TEX. GOV'T CODE ANN. § 552.302 (West, Westlaw through 2013 3d C.S.), and that the information is therefore excepted from public disclosure. Appellee, Ken Paxton, Attorney General of the State of Texas ("the AG"),[1] argues that the City has failed to demonstrate a compelling reason to withhold the information and that the information must be disclosed. The trial court rejected the City's argument and held that the City had failed to show a compelling reason to protect the attorney-client privileged communications at issue from public disclosure. The trial court also awarded the AG attorney's fees in the amount of $5,500.00, plus conditional attorney's fees on appeal, and costs. For the reasons that follow, we reverse the trial court's judgment and render judgment that the attorney-client privileged communications at issue are excepted from disclosure under the PIA.

## I. BACKGROUND[2]

The parties submitted the following agreed statement of facts to the trial court under Texas Rule of Civil Procedure 263, *see* TEX. R. CIV. P. 263:

1. On February 20, 2008, the City of Dallas received a Public Information Act request by email from Mr. Sam Merten. The request

---

[1] This suit was originally brought in the name of the Honorable Greg Abbott, former Texas Attorney General. Pursuant to Rule 7.2, we automatically substitute the name of his successor in that office, the Honorable Ken Paxton. *See* TEX. R. APP. P. 7.2.

[2] This case is before this Court on transfer from the Third Court of Appeals in Austin pursuant to an order issued by the Texas Supreme Court. *See* TEX. GOV'T CODE ANN. § 73.001 (West, Westlaw through 2013 3d C.S.).

2

included, in pertinent part: "All documents and email correspondence to or from any council member, Mayor Tom Leppert, City Manager Mary Suhm or Assistant City Manager A.C. Gonzales regarding the convention center hotel." Ex. 2 is a copy of Merten's request.

2.     On April 29, 2008, the City sent a letter to the Attorney General asking whether the requested information could be withheld from the requestor. Ex. 4 is a copy of that letter.

3.     Along with its April 29, 2008 letter, the City also submitted to the Attorney General a copy of Mr. Merten's request, a representative sample of the information at issue, and comments stating the reasons why the information ought to be withheld under PIA §§ 552.101, 552.107(1), and Texas Rule of Evidence 503(b)(1). Ex. 1 is a copy of the representative sample of information.

4.     On April 29, 2008, the City notified Mr. Merten that it was requesting a decision from the Attorney General and sent him a copy of its April 29, 2008 letter to the Attorney General.

5.     The City's letter to the Attorney General was not sent within 10 business days of receipt of Mr. Merten's written request for information as required by PIA § 552.301. Ex. 4 at 1.

6.     The Attorney General in Letter Ruling OR2008-08859 concluded that the City did not comply with the procedural requirements of section 552.301 in requesting a ruling and the attorney-client privilege exception, PIA § 552.107, is not a compelling reason to withhold the requested information from disclosure. Ex. 3 at 2; see PIA §§ 552.301(b), (e), .302. Therefore, the Attorney General concluded the City could not withhold any portion of the submitted information under section 552.107(1). Ex. 3.

7.     The Attorney General did not address the City's claim that Exhibit 1 is confidential under section 552.101 in conjunction with Texas Rule of Evidence 503. Ex. 3, at 1 n.1.

8.     The Attorney General also concluded certain mandatory exceptions were compelling reasons to withhold the requested information from disclosure and ruled that portions of the requested information were confidential pursuant to PIA §§ 552.117 and 552.137. Ex. 3. The information subject to sections 552.117 and 552.137 is not at issue in this case.

9.     The City filed this lawsuit on July 14, 2008, challenging Texas Attorney General Letter ruling OR2008-088S9.

10. This Court, in granting the City's motion for summary judgment in part, determined that the documents at issue (Exhibit 1) qualify as attorney-client communications. Exs. 5, 6. This Court denied all other grounds and did not rule on whether the City demonstrated a compelling reason to withhold the requested information from public disclosure. Exs. 5, 6, 7.

11. The Attorney General has incurred attorney fees in this Court in the reasonable amount of $10,875.00.

12. In the event of an appeal to the court of appeals, the Attorney General will incur attorney fees in that court in the reasonable amount of $5,000.00.

13. In the event of a further appeal to the Supreme Court of Texas, the Attorney General will incur attorney fees in that court in the reasonable amount of $5,000.00.

On April 8, 2013, the trial court sent the following letter to the parties explaining its forthcoming ruling:

On April 2, 2013, the Court considered the merits in the above-referenced cause, which were presented on an agreed statement of facts pursuant to Rule 263 of the Texas Rules of Civil Procedure. After considering the statement of facts, the evidence offered, the legal arguments of counsel and the applicable legal authority, the Court will find as follows regarding the grounds asserted by the parties in their Joint Motion for Judgment on Agreed Statement of Facts.

The Court will grant the Attorney General's Ground No. 2 in part. The Court agrees with the Attorney General that when a party does not timely request an opinion regarding a public information request, the governmental body may not simply assert the attorney-client privilege generally to prevent the disclosure of the information, but must also show some additional compelling reason for the particular information to be withheld. The City of Dallas argues generally that the confidentiality of all attorney-client privileged information is a compelling reason in and of itself. The argument essentially is that all attorney-client privileged information may always be withheld by governmental bodies, even when an opinion from the Attorney General is not timely requested. This Court rejects that argument. After reviewing the documents in camera, the Court will find that the City of Dallas has not met its burden of proof and persuasion in showing that the information requested should be protected.

4

The Court, however, does not grant the Attorney General's Ground No.2 fully, because in the appropriate circumstances confidentiality could provide a compelling reason for particular information to be withheld. Although a governmental body cannot argue generally that confidentiality is sufficient to all attorney-client privileged information, there could be a cogent and compelling argument made that allows particular information to be withheld based on confidentiality. Consequently, the Court does not foreclose all future reliance on the reason of confidentiality, but the reason will likely need to be part of a comprehensive argument relating to the particular information then involved.

Based upon the previous analysis, the Court will deny the City's Ground in full. The Court will find that the presumption of openness for the information controls and City of Dallas is required to release the information to the requestor pursuant to the Attorney General's Letter Ruling OR2008-08859. After considering all litigation in this matter, including the Court's prior rulings contained in Order on Motions for Summary Judgment signed on April 6, 2011, the Court will find that the reasonable and necessary attorney's fees for the Attorney General to defend the case through trial is $5,500.00, and awards that amount, along with the attorney's fees requested by the Attorney General for purposes of appeal.

On May 13, 2013, the trial court signed a final judgment reflecting its ruling and stating that the City had "failed to show a compelling reason to protect the attorney-client privileged communications at issue from public disclosure." This appeal followed.

## II. STANDARD OF REVIEW AND APPLICABLE LAW

Rule of Civil Procedure 263 provides for presentation of a case to the trial court on stipulated facts. *See* TEX. R. CIV. P. 263. "A case submitted under rule 263, like a special verdict, is a request by the parties for judgment in accordance with the applicable law." *Patterson-UTI Drilling Co. v. Webb Cnty. Appraisal Dist.*, 182 S.W.3d 14, 17 (Tex. App.— San Antonio 2005, no pet.) (quoting *SLW Aviation, Inc. v. Harris Cnty. Appraisal Dist.*, 105 S.W.3d 99, 102 (Tex. App.—Houston [1st Dist.] 2003, no pet.)). "There are no presumed findings in favor of the judgment in a case submitted under rule 263 because the trial court had no factual issues to resolve." *Id.* "The only issue to resolve on appeal

5

is whether the trial court correctly applied the law to the agreed facts." *Id.* "Our review is de novo in an agreed case because the issue before us is purely a question of law." *Id.* Rule 263 states that an agreed statement of facts and the judgment constitute the record for the case. TEX. R. CIV. P. 263.

> The Public Information Act mandates disclosure of public information upon request to a governmental body, but excepts certain categories of information from the disclosure requirement. *See* TEX. GOV'T CODE §§ 552.021, 552.221, 552.101–.136. A governmental body wishing to claim an exception must make a timely request for an attorney general's opinion as to the exception's applicability. *Id.* § 552.301(a). If a request is not timely made, the information is presumed subject to disclosure unless there is a compelling reason to withhold it. *Id.* § 552.302.

*City of Dallas v. Abbott*, 304 S.W.3d 380, 381 (Tex. 2010).

Section 552.101 of the PIA provides that information is excepted from disclosure "if it is information considered to be confidential by law, either constitutional, statutory, or by judicial decision." TEX. GOV'T CODE ANN. § 552.101 (West, Westlaw through 2013 3d C.S.); *City of Garland v. Dallas Morning News*, 22 S.W.3d 351, 360 n.5 (Tex. 2000). Section 552.107 of the PIA provides that information is excepted from disclosure if "it is information that . . . an attorney of a political subdivision is prohibited from disclosing because of a duty to the client under the Texas Rules of Evidence or the Texas Disciplinary Rules of Professional Conduct[.]" TEX. GOV'T CODE ANN. § 552.107(1); *see* TEX. R. EVID. 503 (providing for attorney-client privilege to prevent disclosure of confidential communications); TEX. DISCIPLINARY RULES PROF'L CONDUCT 105(b), *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit G app. A (West, Westlaw through August 2014) (TEX. STATE BAR R. art. X, § 9) (prohibiting a lawyer from disclosing privileged and other confidential client information).

### III. DISCUSSION

By its first and second issues,[3] the City argues that "[t]he policy reasons for the lawyer-client privilege are intrinsically compelling reasons to withhold a governmental body's confidential attorney-client communications from public disclosure under Texas Government Code section 55.302." *See* TEX. GOV'T CODE ANN. § 552.302. By several sub-issues, the City argues that: (1) the attorney-client privilege is "inherently, categorically compelling" because it is based on the policy recognizing that protecting the privilege is more beneficial than requiring public disclosure of attorney-client communications; (2) the requested information is excepted from disclosure under section 552.101 of the PIA because the information is confidential under the rules of evidence, which are "law"; and (3) the requested information is excepted from disclosure under section 552.107 of the PIA because its disclosure is prohibited by the ethics rules. We first address the City's argument that the information is excepted under section 552.101 of the PIA.

In *Abbott v. City of Dallas*, the Austin Court of Appeals recently addressed this issue. No. 03-13-00686-CV, 2014 WL 7466736 (Tex. App.—Austin Dec. 23, 2014, no pet. h.). The facts and issues in *Abbott* are strikingly similar to those in the present case. In both cases: (1) the City received a PIA request seeking documents the City believed

---

[3] In its "Issues Presented" section of its brief, the City presents its issues as follows:

1. The trial court erred in granting judgment for the Attorney General and denying judgment for the City.

2. The policy reasons for the lawyer-client privilege are compelling reasons to withhold all confidential attorney-client communications from public disclosure under Texas Government Code section 552.302.

3. The Attorney General is not entitled to an award of attorney fees under Texas Government Code section 552.323.

We address the City's first two issues together.

7

were protected from disclosure as attorney-client communications; (2) the City sent an untimely request for an opinion from the AG's office as to whether the documents were protected from disclosure; (3) the City sought to withhold the documents under sections 552.101 and 552.107(1) of the PIA; (4) the City argued that Rule of Evidence 503 and Disciplinary Rule of Professional Conduct 1.05(b) brought the information within the scope of sections 552.101 and 552.107; (5) the AG either did not address or rejected the City's claim of attorney-client privilege under section 552.101 of the PIA; and (6) the AG concluded that (a) the City failed to comply with the deadline for requesting an AG's opinion, (b) section 552.107 was not a compelling reason to withhold the information from disclosure, and (c) the City was therefore required to disclose the information. *See id.* at *1–2. In *Abbott*, the trial court agreed with the City, concluding that the attorney-client privilege is an inherently compelling reason to withhold disclosure. *See id.* at *2.

The *Abbott* Court first addressed the AG's argument—also made in the present case—that the attorney-client privilege must be raised under section 552.107(1) and cannot be raised under section 552.101. *See id.* at *3. The AG argued—as he does here—that section 552.107(1) is not a confidentiality exception, but a discretionary exception. *See id.* According to the AG, confidentiality exceptions (like section 552.101) are mandatory and cannot be waived. *See id.* In contrast, discretionary exceptions (like 552.107(1)) can be waived by failure to comply with the procedural requirements of the PIA and therefore cannot, in and of themselves, constitute compelling reasons to withhold information. *See id.* The *Abbott* Court "[did] not find the attorney general's construction of section 552.101 persuasive." *See id.* at *4. The court noted that, in a footnote in *City of Garland*, the Texas Supreme Court stated, "Section 552.101 of the Texas Public

8

Information Act exempts information considered confidential by law, *including information falling under the attorney-client privilege.*" *Id.* (citing *City of Garland*, 22 S.W.3d at 360 n.5) (emphasis added).  The *Abbott* Court relied on the supreme court's reading of section 552.101 to "conclude that the attorney-client privilege may be asserted under section 552.101." *Id.* at *5.  The court further relied on the supreme court's analysis of the meaning of "law" in construing the term "other law" in *In re City of Georgetown* and found that the supreme court's reading "further supports the analogous conclusion here that the Rules of Evidence and the Disciplinary Rules of Professional Conduct are 'law' outside the PIA within the meaning of section 552.101." *Id.* (citing *In re City of Georgetown*, 53 S.W.3d 328, 336 (Tex. 2001)).  The *Abbott* Court therefore "conclude[d] that section 552.101 exempts from disclosure information that is protected by the attorney-client privilege." *Id.* at *6; *see also Tyler v. Paxton*, No. 03-12-747-CV, 2015 WL 410281, at *5 (Tex. App.—Austin Jan. 28, 2015, no pet. h.) (mem. op.) (citing and following *Abbott*).

Texas Rule of Appellate Procedure 41.3 provides that in cases transferred by the supreme court, such as the present case, the transferee court must decide the case in accordance with the precedent of the transferor court.  TEX. R. APP. P. 41.3.  "The rule requires the transferee court to 'stand in the shoes' of the transferor court so that an appellate transfer will not produce a different outcome, based on application of substantive law, than would have resulted had the case not been transferred." *Id.* cmt.  We will follow the opinion of the Austin Court of Appeals in *Abbott*.  Accordingly, we conclude that the attorney-client information at issue "falls within the purview of section 552.101 and that the City has demonstrated a compelling reason to withhold the information by establishing that it is protected by the attorney-client privilege and is

9

therefore excepted [from disclosure] by section 552.101[.]" *See id.* at *7. We sustain the City's first and second issues.

By its third issue, the City argues that the AG is not entitled to attorney's fees because he should not be a substantially prevailing party under section 552.323(b) of the PIA. *See* TEX. GOV'T CODE ANN. § 552.323(b) (West, Westlaw through 2013 3d C.S.) (providing that in a suit by a governmental body, the court may assess costs of litigation and reasonable attorney's fees incurred by a plaintiff or defendant who substantially prevails). We agree. Because we have found in favor of the City, the AG is not a prevailing party and is not entitled to attorney's fees. We sustain the City's third issue.

## IV. CONCLUSION

We reverse the trial court's judgment and render judgment that the documents at issue in Exhibit 1 are excepted from disclosure under section 552.101 of the PIA. *See id.* § 552.101; *Abbott*, 2014 WL 7466736, at *7.


DORI CONTRERAS GARZA,
Justice


Delivered and filed the
12th day of February, 2015.

10