Nelvina Gladys Hulstein JOHNSON, Appellant,

v.

Tuss M. BOND et al., Appellees.

No. 17750.

Court of Civil Appeals of Texas, Fort Worth.

July 23, 1976.

Rehearing Denied Sept. 10, 1976.

Kelsey & Wood and Richard H. Kelsey, Denton, for appellant.

George Hopkins, Denton, for appellees, Tuss M. Bond and Helen L. Scott.

Dick V. Foster, Denton, for G. W. G. Hulstein.

## OPINION

SPURLOCK, Justice.

This is an appeal from a judgment rendered against Nelvina Gladys Hulstein Johnson, appellant, as transferor of a note. She attacks the judgment on the grounds of want or failure of consideration, lack of valid delivery of the note, and in the alternative, she is entitled to indemnity against the other transferor of the note.

Judgment reversed and rendered as to defendant Johnson; otherwise affirmed.

This suit on a note was brought by Tuss M. Bond and Helen L. Scott against Jesse G. Thrasher, Neva J. Thrasher, G. W. G. Hulstein, Nelvina Gladys Hulstein Johnson, and Eva M. Hill.

Plaintiffs alleged the Thrashers are the makers of the note; Hulstein and Johnson are the endorsers and transferors of the note; and Eva Hill assumed the debt.

Defendant Johnson filed a cross-action against Hulstein for indemnity.

Judgment was rendered against Hulstein, Johnson, and Hill with indemnity over against Hill. Relief on the cross-action was denied. Defendants Thrashers were non-suited.

Defendant Johnson was the wife of defendant G. W. G. Hulstein until they were divorced on February 8, 1973.

Plaintiffs allege that on January 11, 1973, the Hulsteins transferred the note here involved, together with a lien securing the payment of same, to Tuss M. Bond and W. A. Scott, with recourse, and W. A. Scott thereafter transferred his interest in the note to Helen L. Scott so that Bond and Helen L. Scott are now the legal and equitable owners of said note and the lien securing payment of same.

The defendant, Johnson, answered that she had assigned the note solely for the purpose of transferring the title and as an accommodation to the plaintiffs, and she received no consideration for the transfer of said note. She further pleaded a general denial. This answer was verified.

Ordinarily in a suit on a note, a general denial puts in issue allegations that the plaintiff is the owner or holder of the note, that the same is due, and the amount due and owing thereon. *Alexander v. Houston Oil Field Material Co.*, 386 S.W.2d 540 (Tex.Civ.App., Tyler, 1965, ref., n. r. e.).

Plaintiffs, apparently in an effort to meet this burden of proof, offered into evidence a contract for sale between Tuss M. Bond and Delpha Taylor Bond, husband and wife, and W. A. Scott and Helen L. Scott, husband and wife, as sellers; and G. W. G. Hulstein and Nelvina G. Hulstein, as buyers. This was the contract for the purchase and sale of a ranch in Oklahoma. This agreement of April 4, 1972, provided in part that the

buyers would pay part cash and other consideration; and as additional consideration would assign to the sellers the above-described Thrasher note. This contract provided that the sellers would execute a warranty deed conveying title to both Mr. and Mrs. Hulstein jointly, as grantees. The contract further provided that after title had been examined and found to be merchantable the deed would be delivered to the Hulsteins who would then assign the Thrasher note to sellers. The endorsed and assigned note, the contract containing the escrow agreement, the deed, and other consideration were placed in escrow with an Oklahoma bank where the transaction took place.

The evidence is uncontroverted that no warranty deed conveying title to both Mr. and Mrs. Hulstein was ever executed by the sellers. Instead, the warranty deed conveyed title to Mr. Hulstein only. It is uncontroverted that this condition for the delivery of the endorsed note was never complied with.

■ In general, when a promissory note is delivered to an escrow agent or other person to be delivered and become binding on the happening of a contingency, it is not enforceable until that event takes place. *Williams v. Jones,* 122 Tex. 61, 52 S.W.2d 256 (1932); *Shaw v. McCarty,* 70 S.W.2d 486 (Tex.Civ.App., Eastland, 1934, writ dism.); *Alamo Lumber Co. v. Lawyers Title Insurance Corp.,* 439 S.W.2d 423 (Tex. Civ.App., San Antonio, 1969, no writ hist.). Since the contingency did not happen, the endorsement and transfer of the note to the sellers was not enforceable based on the April 4, 1972, transaction.

Thereafter on January 11, 1973, a second attempt was made to secure a valid transfer of the note and lien. Defendant Johnson signed that transfer on that date without ever having been a grantee in a deed from the sellers to the Oklahoma ranch.

Between the April, 1972, and the January, 1973, events; and on November 21, 1972, came on to be heard a divorce proceeding between the Hulsteins. The divorce decree is dated February 8, 1973, a full month after the second attempted transfer. Plaintiffs contend that the divorce was granted on November 21, 1972, and in said divorce decree the rather extensive property holdings of the Hulsteins were divided and partitioned. Hulstein was awarded the ranch, and defendant Johnson received "other property" to compensate for the Oklahoma ranch, which constituted consideration.

■ No evidence is in the record that a divorce decree was rendered at any time other than that reflected by the decree itself. There being no evidence to the contrary the date the judge signed the divorce decree is conclusively established to be the date of the rendition of the judgment. The date of the signing is controlling rather than the date the cause came on to be heard. Ex Parte Godeke, 163 Tex. 387, 355 S.W.2d 701 (1962).

During the course of the trial expert testimony established that under Oklahoma law, where one spouse is deeded real property in his or her name, except in the case of homestead which is not here involved, the property becomes the separate property of the named spouse only.

■ If there was consideration for the execution of the contract for sale, that consideration failed as to Johnson because she was never made a grantee in a deed to the ranch. Hence, it follows that there was a failure of consideration for the conditional endorsement and delivery of the note.

■ No findings of fact or conclusions of law were filed in this case, tried without the aid of a jury. Therefore, we are bound to consider the evidence in the light most favorable to the judgment and presume the trial court resolved all disputed issues of fact against appellant if there is any evidence of probative force to support the judgment. *North East Texas Motor Lines v. Dickson,* 148 Tex. 35, 219 S.W.2d 795 (1949).

Defendant Johnson assigns three points of error, two of which assert the trial court erred in rendering judgment against her because (1) there was want or failure of consideration and (2) there was no valid delivery of the note, and therefore plaintiffs never became holders of such note as to her. These points will be discussed together.

■ There is no question that plaintiffs were holders of the note by virtue of their possession and the endorsement, which was stipulated to be authentic. Texas Business & Commerce Code Ann., Sec. 1.201(20) (1967). It is also true that, in such a case, a holder is entitled to recover on the note unless defendant establishes a defense. Texas Business & Commerce Code Ann., Sec. 3.307(b) (1967).

■ Plaintiffs contend that defendant is not entitled to the defense of non-delivery because of her failure to plead it. In the absence of an affirmative plea of non-delivery, she would not have been entitled to introduce evidence on the issue of whether plaintiffs were holders, since the original note, properly endorsed, was admitted in evidence without objection. *Alexander v. Houston Oil Field Material Co.*, supra. Nonetheless, evidence was introduced without objection to show clearly that delivery of the note never took place, and we therefore hold this issue to have been tried by implied consent. Rule 67, T.R.C.P. Plaintiffs were the holders, but liability did not attach because of failure of delivery. *Williams v. Jones*, supra; *Shaw v. McCarty*, supra; *Alamo Lumber Co. v. Lawyers Title Insurance Corp.*, supra.

■ It is not clear from defendant's brief whether she is arguing failure or want of consideration. There is a vital difference.

For consideration to fail, it must have been valid at one point and later fail. Want of consideration, on the other hand, means that there never was consideration; that the note never became a valid obligation in the first place. *National Bank of Commerce v. Williams*, 125 Tex. 619, 84 S.W.2d 691, 692 (1935).

In her brief, defendant Johnson discusses failure and want of consideration as if they were the same thing. The evidence shows that, as to her, there was either want or failure of consideration concerning the April transaction.

■ If a point of error is sufficient to direct the court's attention to the matter complained of, the court will look to the point and the statement and argument thereunder to determine the question of reversible error. Rule 418, T.R.C.P.; *Fambrough v. Wagley*, 140 Tex. 577, 169 S.W.2d 478 (1943).

■ We look next to the transfer of lien of January 11, 1973. This transfer recites a consideration of "$10.00 and other good and valuable considerations." Such a recital of consideration in a deed is prima facie evidence of its amount and the payment thereof. 19 Tex.Jur.2d, p. 319, "Deeds", Sec. 55, "Effect of recital-Admissibility of parol evidence."

■ The question then arises whether this prima facie evidence raises a fact issue that was foreclosed against appellant by the judgment. It is our opinion, under the facts of this case, this prima facie evidence did not raise a fact issue. In *Simonds v. Stanolind Oil & Gas Co.*, 134 Tex. 332, 136 S.W.2d 207, 209 (Tex.Com.App., 1940, opinion adopted) that court stated:

"Evidence which, uncontradicted and unexplained, would be prima facie evidence of a fact becomes insufficient to raise an issue of fact when the other facts in evidence conclusively prove that the fact sought to be shown by the prima facie evidence or presumption of fact does not exist. (Citing numerous cases.)"

■ There was clear and convincing evidence, which was not controverted, although plaintiffs were present during the transaction and had every opportunity in the trial court to controvert it, that the consideration recited in the transfer of Jan-

uary 11, 1973, was never paid. Therefore, there was want of consideration.

The defendant Johnson never endorsed the note at any time except on or about April 4, 1972. She did not endorse the note on January 11, 1973, at the time she signed an instrument described on its face as a "transfer of lien". Therefore, there is no liability on the endorsement of defendant Johnson. Texas Business & Commerce Code Ann., Sections 3.201 and 3.202 (1967).

We hold that there was want or failure of consideration and there was no valid delivery of the note; so that although plaintiffs were holders of the note, the endorsement thereon did not create liability as to defendant Johnson as an endorser.

Appellant, by her sole remaining point of error, asserts the trial court erred in not awarding her indemnity against the cross-defendant, Hulstein.

The divorce decree provides that the defendant Hulstein agrees to hold his wife harmless in the event any judgments are rendered against them both.

Since we have held that defendant Johnson is not liable to the plaintiffs, it is unnecessary for this Court to determine whether cross-defendant Hulstein is liable to cross-plaintiff Johnson for indemnity.

The judgment against defendant Johnson is reversed and rendered. The remaining portion of the judgment allowing recovery by the plaintiffs against G. W. G. Hulstein and Eva Hill and indemnity by G. W. G. Hulstein against Eva Hill is affirmed.