PATTERSON–UTI DRILLING COMPANY LP, LLLP, Patterson UTI Drilling (South) LP, LLP, and UTI Drilling LP, Appellants,

v.

**WEBB COUNTY APPRAISAL DISTRICT, Appellee.**

No. 04–05–00125–CV.

Court of Appeals of Texas, San Antonio.

Oct. 5, 2005.

Ron Patterson, Kliewer, Breen, Garatoni, Patterson & Malone, San Antonio, for appellants.

Dylan Wood, Ray, Wood & Bonilla, L.L.P., Austin, for appellee.

Sitting: CATHERINE STONE, Justice, KAREN ANGELINI, Justice, REBECCA SIMMONS, Justice.

## OPINION

Opinion by CATHERINE STONE, Justice.

This is an appeal from a judgment in favor of appellee, Webb County Appraisal District, in which the trial court determined that two mobile oil drilling rigs owned by appellants, Patterson–UTI Drilling LP, LLLP, Patterson UTI Drilling (South) LP, LLP, and UTI Drilling LP (collectively "Patterson Drilling"), are subject to taxation in Webb County, Texas for the 2002 tax year. We reverse the trial court's judgment and render judgment that Patterson Drilling owes no tax to Webb County for the year 2002 because Patterson Drilling's property is taxable at its principal place of business in Scurry County, Texas, not at its temporary location in Webb County.

### BACKGROUND

The parties tried this case upon an agreed statement of facts pursuant to Texas Rule of Civil Procedure 263. Patterson Drilling drills oil and gas wells for hire throughout Texas and the United States. The company's principal place of business is located in Snyder, Scurry County, Texas. The company currently operates more than 325 drilling rigs, most of which are taxable as personal property in Texas.

Patterson Drilling's customers' requirements determine the location of a drilling rig at any given time. Patterson Drilling's rigs constantly move from job site to job site, with each job taking "a couple of weeks to a maximum of five months to complete." The company does not know where a rig will go upon the completion of a job unless it secures an advance contract for the rig. When Patterson Drilling does not secure an advance drilling contract for a rig, the rig remains idle at its last job site until Patterson contracts for the next job.

On January 1, 2002, two of Patterson Drilling's rigs, Rig Nos. 27 and 533, were located in Webb County. Rig No. 27 had been in Webb County for approximately 159 days when January 1, 2002 arrived, while Rig No. 533 had been in Webb County for approximately 175 days. Both rigs had recently completed projects in Webb County and were idle because Patterson had not yet secured drilling contracts for the rigs. As of January 1, 2002, Rig No. 27 had been idle for 40 straight days while Rig No. 533 had been idle for 68 straight days.[1]

Patterson Drilling rendered Rig Nos. 27 and 533 for taxation at its principal place of business in Scurry County for the 2002 tax year. Webb County, however, also placed Rig Nos. 27 and 533 on its appraisal roll for the 2002 tax year. As a result, Rig Nos. 27 and 533 were on the appraisal roll in two separate appraisal districts for the 2002 tax year and were subject to double taxation by the taxing units of Scurry and Webb Counties.

In light of the agreed facts, the trial court concluded that Patterson Drilling's rigs had remained in Webb County for more than a temporary period on January 1, 2002. Consequently, the court determined Rig Nos. 27 and 533 were subject to taxation in Webb County for the 2002 tax year, not Scurry County. This appeal by Patterson Drilling ensued.

---

1. Patterson Drilling eventually entered contracts for Rig Nos. 27 and 533, which kept the rigs in Webb County throughout 2002. Rig No. 27 did not restart its drilling operations in Webb County until February 5, 2002 while Rig No. 533 was idle until April 26, 2002.

## Standard of Review

■ Rule of Civil Procedure 263 provides for presentation of a case to the trial court on stipulated facts. *See* Tex.R. Civ. P. 263. "A case submitted under rule 263, like a special verdict, is a request by the parties for judgment in accordance with the applicable law." *SLW Aviation, Inc. v. Harris County Appraisal Dist.*, 105 S.W.3d 99, 102 (Tex.App.-Houston [1st Dist.] 2003, no pet.). There are no presumed findings in favor of the judgment in a case submitted under rule 263 because the trial court had no factual issues to resolve. *Id.* The only issue to resolve on appeal is whether the trial court correctly applied the law to the agreed facts. *Id.* Our review is de novo in an agreed case because the issue before us is purely a question of law. *Id.*

## Discussion

■ The issue on appeal is whether Webb County is the proper tax situs for Rig Nos. 27 and 533, which were located in Webb County on January 1, 2002. Patterson Drilling submits that Rig Nos. 27 and 533 remained only temporarily in Webb County on January 1, 2002, and therefore could not have attained situs there for tax purposes. Patterson Drilling relies on section 21.02(a)(4) of the Tax Code and contends that the proper tax situs for the rigs is Scurry County, where the company's principal office is located. *See* Tex. Tax Code Ann. § 21.02(a)(4) (Vernon 2001). The Webb County Appraisal District, on the other hand, relies on section 21.02(a)(1) of the Tax Code and asserts that the taxable situs of Rig Nos. 27 and 533 is in Webb County because the rigs were in Webb County for "more than a temporary period." *See id.* § 21.02(a)(1).

■ As a general rule, "jurisdiction to tax exists based on the length of time property is located in the taxing unit within Texas." *Fairchild Aircraft, Inc. v. Bexar Appraisal Dist.*, 47 S.W.3d 577, 580 (Tex.App.-San Antonio 2001, pet. denied). Section 21.02 of the Texas Tax Code provides:

(a) [Except for certain inapplicable exceptions,] tangible personal property is taxable by a taxing unit if:

(1) it is located in the unit on January 1 for more than a temporary period;

(2) it normally is located in the unit, even though it is outside the unit on January 1, if it is outside the unit only temporarily;

(3) it normally is returned to the unit between uses elsewhere and is not located in any one place for more than a temporary period; or

(4) the owner resides (for property not used for business purposes) or maintains his principal place of business in this state (for property used for business purposes) in the unit and the property is taxable in this state but does not have a taxable situs pursuant to Subdivisions (1) through (3) of this section.

Tex. Tax Code Ann. § 21.02(a). The Tax Code, however, does not define what constitutes "more than a temporary period." Thus, in order to resolve this appeal, we must first determine the meaning of the term "temporary."

When we construe a statute, our objective is to determine and give effect to the legislature's intent. *City of San Antonio v. City of Boerne*, 111 S.W.3d 22, 25 (Tex. 2003). " 'Where language in a statute is unambiguous, this court must seek the intent of the legislature as found in the plain and common meaning of the words and terms used.' " *Monsanto Co. v. Cornerstones Mun. Util. Dist.*, 865 S.W.2d 937, 939 (Tex.1993). If the legislature has failed to define a word or term, we will apply its ordinary meaning. *Id.* "In apply-

ing the plain and common meaning of the language in a statute, courts may not by implication enlarge the meaning of any word in the statute beyond its ordinary meaning; such implication is inappropriate when legislative intent may be gathered from a reasonable interpretation of the statute as it is written." *Sorokolit v. Rhodes,* 889 S.W.2d 239, 241 (Tex.1994).

■■■ Because the legislature has not defined the term "temporary" as it is used in section 21.01(a), we apply its ordinary meaning. Black's Law Dictionary defines "temporary" as "lasting for a time only; existing or continuing for a limited (usu.short) time; transitory." BLACK'S LAW DICTIONARY 1504 (8th ed.2004). Webster's Dictionary likewise defines "temporary" as "lasting for a limited time." WEBSTER'S NINTH NEW COLLEGIATE DICTIONARY 1214 (9th ed.1990). Accordingly, we hold the language used by the legislature in section 21.02(a)(1) is clear and unambiguous: property is taxable by a taxing unit if it is located in the unit on January 1 for more than a limited time.[2] Having resolved this preliminary matter, we now must determine whether the trial court correctly applied section 21.02(a)(1) of the Tax Code to the agreed facts.

The agreed facts in this case establish that Rig Nos. 27 and 533 are constantly moved from one temporary location to another. As Patterson Drilling's projects are completed, the mobile drilling rigs remain idle at the job site until needed by Patterson at another location. The agreed facts therefore show that Patterson's rigs are not taxable in Webb County under section 21.02(a)(1) because the rigs were at their January 1, 2002 location only temporarily. Therefore, we hold that the trial court failed to correctly apply the law to the agreed facts because the rigs are taxable at Patterson Drilling's principal place of business in Scurry County pursuant to section 21.04(a)(4), not in Webb County pursuant to section 21.02(a)(1).

■■■ The Webb County Appraisal Board argues that the agreed facts demonstrate Rig Nos. 27 and 533 were in Webb County for more than a temporary period because both rigs stayed in Webb County until January 1, 2003. Although the agreed facts demonstrate that Patterson Drilling eventually secured contracts to keep Rig Nos. 27 and 533 in Webb County until January 1, 2003, such events are irrelevant to our taxable situs inquiry. As noted by Patterson Drilling, events occurring after January 1 of the applicable tax year are irrelevant to the question of taxable situs under section 21.02 because the situs of tangible personal property is determined by looking back in time to the location of the property in the year preceding January 1 of the applicable tax year. *See generally Fairchild Aircraft, Inc.,* 47 S.W.3d at 580–82 (holding an aircraft's status as "commercial" is determined based

---

**2.** *See* TEX. TAX CODE ANN. § 21.02(a)(1). The Webb County Appraisal District urges this court to define temporary using a fixed number of days. Specifically, the Appraisal District asks that we define temporary as existing in a location for no more than 175 days. *See generally* TEX. CONST. art. VIII § 1–j ("To promote economic development in the State, goods, wares, merchandise, other tangible personal property, and ores, other than oil, natural gas, and other petroleum products, are exempt from ad valorem taxation if ... the property is transported outside of this State not later than 175 days after the date the person acquired or imported the property in this State"). If the legislature had wanted to define temporary using a fixed number of days, however, it could easily have done so by drafting the statute in such a manner. Because courts are to read every word, phrase, and expression as if it were deliberately chosen and presume that words excluded from the statute were excluded purposefully, we decline to adopt the Appraisal District's 175–day definition for the term temporary. *Gables Realty Ltd. P'ship v. Travis Cent. Appraisal Dist.,* 81 S.W.3d 869, 873 (Tex.App.-Austin 2002, pet. denied).

on property's use over the year preceding January 1 of the applicable tax year because determining the status of personal property based on the property's use over the preceding tax year is consistent with Chapter 21 of the Tax Code).

### CONCLUSION

Based on the foregoing, we reverse the trial court's judgment and render judgment that Patterson Drilling owes no tax to Webb County for the year 2002 because Patterson's property is taxable at its principal place of business in Scurry County, Texas, not at its temporary location in Webb County.[3]

---

3. We note that the Thirteenth Court of Appeals recently decided *Aransas County Appraisal District v. Patterson–Uti–Drilling (South) Lp, Lllp*, No. 13–04–00502–CV, 2005 WL 2046244 (Tex.App.-Corpus Christi Aug. 26, 2005, no pet. h.), which involved a factual situation similar to the one at issue here. The main factual distinction between the cases is that the trial court in *Aransas County* reached the opposite conclusion than the trial court did in this case, *i.e.*, the trial court concluded that Patterson's property was taxable at its principal place of business in Scurry County. 2005 WL 2046244 at *1. On appeal, the Thirteenth Court of Appeals affirmed the trial court's judgment because the court concluded that it had no authority to consider the appellants' sole issue concerning the sufficiency of the evidence. *Id.* *1–2 (citing *City of Harlingen v. Avila*, 942 S.W.2d 49, 51 (Tex.App.-Corpus Christi 1997, writ denied)). Although we agree with our sister court's result affirming the trial court's judgment, we disagree with some of the court's reasoning; therefore, we decline to adopt the views expressed by the Thirteenth Court of Appeals in *Aransas County*.