

**NUMBER 13-10-245-CV**

**COURT OF APPEALS**

**THIRTEENTH DISTRICT OF TEXAS**

**CORPUS CHRISTI ‑ EDINBURG**

---

**BOBBY BURROWS, SR.,**         **Appellant,**

**v.**

**MARGARITO TRUJILLO,**         **Appellee.**

---

**On appeal from the County Court at Law No. 6
of Hidalgo County, Texas.**

---

## MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Rodriguez and Vela
Memorandum Opinion by Justice Vela**

Appellant, Bobby Burrows, Sr., appeals a judgment entered in favor of appellee, Margarito Trujillo, in a suit on a promissory note. The case was presented to the trial court on an agreed statement of facts. *See* TEX. R. CIV. P. 263. The trial court entered a judgment stating that Trujillo established the affirmative defense of failure of consideration

as a matter of law. Burrows argues on appeal that the trial court erred in: (1) finding for Trujillo on his affirmative defense of failure of consideration and should have found in Burrow's favor on the promissory note and; (2) failing to award him attorney's fees. We reverse and remand.

## I. BACKGROUND

The parties entered into the following stipulated statement of facts:

1. On or about the fall of 2005, Margarito Trujillo and Jeff Reed approached Bobby Burrows, Sr. and requested a loan to pay off a real estate note and lien owed to a Frank Roman by Jeff Reed and his company Circle-R, Inc. Bobby Burrows, Sr. denied their first request.

2. Shortly after making their first request, Margarito Trujillo and Jeff Reed approached Bobby Burrows, Sr. once again for a loan to pay off a real estate note and lien to Mr. Roman and this time, Mr. Trujillo agreed that he would sign a promissory note in the amount of $170,000.00, and agreed to pledge as security for the promissory note with various pieces of heavy equipment.

3. In reliance upon Mr. Trujillo's agreement to sign a promissory note with collateral, Mr. Burrows agreed to make the loan to Margarito Trujillo as requested so that the real estate note and lien that Jeff Reed and Circle-R, Inc. had with Frank Roman could be paid off.

4. On October 28, 2005, Margarito Trujillo, as the maker, knowingly and voluntarily signed the Promissory Note (the "Note"), and Bobby Burrows, Sr. is the legal owner and holder of the Note.

5. The principal amount of the Note is $170,000.00. The interest rate for unpaid principal specified in the Note is Eight Percent (8%) Per Year. The interest rate for matured, unpaid amounts specified in the Note is the maximum rate allowed by law.

6. The Note was secured by a Security Agreement signed by Margarito Trujillo, dated October 28, 2005.

7. The maturity date of the Note was due and payable on January 28, 2006, and the principal and interest amount was due at maturity (90 days).

8. On November 1, 2005, Bobby Burrows, Sr., as instructed by Mr. Trujillo, transferred the sum of $170,000.00 to the trust account of the Law Offices of Tom Wilkins.

9. On November 1, 2005, Tom Wilkins issued a trust check payable to Frank Roman in the amount of $161,682.14, representing the note payment and for the release of lien owed by Jeff Reed and Circle-R, Inc.

10. On November 1, 2005, Tom Wilkins issued a trust check payable to the Law Office of Tom Wilkins in the amount of $8,317.86, representing the legals fees in this transaction.

11. On November 1, 2005, after receiving payment in the amount of $161,682.14, Frank Roman signed a Release of Lien in favor of Circle-R, Inc.

12. Margarito Trujillo did not receive any money from the $170,000.00 loan.

13. Margarito Trujillo failed to make the principal and interest payment on the due date of January 28, 2006.

14. On March 21, 2006, Bobby Burrows, Sr. sent a demand letter to Margarito Trujillo, demanding payment pursuant to the terms of the Note.

15. Margarito Trujillo did not respond to the demand letter and has made no payments on the Note. To date, the Note remains due and owing.

16. The Note also provides that "Borrower also promises to pay reasonable attorney's fees and court and other costs if this note is placed in the hands of an attorney to collect or enforce the note. These expenses will bear interest from the date of advance at the Annual Interest Rate on Matured, Unpaid Amounts. . . ."

17. The parties agree that the court take judicial notice of the contents of the court's file, including the pleadings and court orders.

## II. STANDARD OF REVIEW

A case submitted under rule 263 is a request by the parties for judgment in accordance with applicable law. *Patterson-UTI Drilling Co. v. Webb County Appraisal Dist.*, 182 S.W.3d 14, 17 (Tex. App.–San Antonio 2005, no pet.). There are no presumed

findings in favor of the judgment in a case submitted under rule 263 because the trial court had no factual issues to resolve. *Id.* The only issue to resolve on appeal is whether the trial court correctly applied the law to the agreed facts. *Id.* Our review is de novo in an agreed facts case because the issue before us is purely a question of law. *Id.*

To recover for a debt due and owing on a promissory note as a matter of law, the holder must establish: (1) the existence of the note in question; (2) that the defendant executed the note; (3) that the plaintiff is the legal holder of the note; and (4) a certain balance due and owing on the note. *Austin v. Countrywide Homes Loans,* 261 S.W.3d 68, 72 (Tex. App.–Houston [1st Dist.] 2008, pet. denied).

The parties have stipulated to each element of Burrows' claim: (1) that Burrows is the legal owner and holder of the note; (2) that Trujillo executed the instrument; and (3) that there is a note. They also stipulated that the amount due and owing on the note is $170,000, plus interest. The parties also agreed that the note provided that the borrower promised to pay reasonable attorney's fees and costs and a true and correct copy of the amount of attorney's fees is attached as an exhibit to the agreed statement of facts.

### III. ANALYSIS

Burrows claims that the trial court erred in deciding that Trujillo established his affirmative defense of failure of consideration as a matter of law. We agree. It is undisputed that Trujillo did not actually receive any of the funds from the $170,000.00 loan. Rather, the money was for the benefit of Jeff Reed and Circle-R, Inc. It was at Trujillo's request that the transaction took place.

Consideration is a present exchange bargained for in return for a promise. *Roark v. Stallworth Oil & Gas, Inc.*, 813 S.W.2d 492, 496 (Tex. 1991). It can be either a benefit to the promisor or a detriment to the promisee. *Id.* Consideration may consist of some right, interest, profit, or benefit that accrues to one party; or, alternatively, of some forbearance, loss, or responsibility that is undertaken or incurred by the other party. *Frequent Flyer Depot, Inc. v. Am. Airlines, Inc.*, 281 S.W.3d 215, 224 (Tex. App.–Fort Worth 2009, pet. denied). Paying money or surrendering a legal right ordinarily represents valid consideration. *See N. Natural Gas Co. v. Conoco, Inc.*, 986 S.W.2d 603, 607 (Tex. 1998).

Lack of consideration occurs when the contract, at its inception, does not impose obligations upon both parties. *Burges v. Mosley*, 304 S.W.3d 623, 628 (Tex. App.–Tyler 2010, no pet.). The existence of a written contract presumes consideration for its execution. *Id*.

Here, there was consideration. Trujillo promised to pay the note when it matured as evidenced by his signature on the note. Burrows relied on the promise and lent Trujillo $170,000, even though it was not Trujillo who, in fact, received the funds. The agreed statement of facts acknowledges that, in reliance upon Trujillo's agreement to sign a promissory note with collateral, Burrows agreed to make the loan to Trujillo so that the real estate note and lien that Jeff Reed and Circle-R, Inc. owed to Frank Roman could be paid. There was consideration as a matter of law.

Regardless, Trujillo's argument before the trial court and on appeal is not lack of consideration, rather, he claims that there was a failure of consideration because Trujillo

5

did not actually receive the funds at issue. Failure of consideration occurs when, due to a supervening cause after an agreement is reached, the promised performance fails. *City of The Colony v. N. Tex. Mun. Water Dist.,* 272 S.W.3d 699, 733 (Tex. App.–Fort Worth 2008, pet. dism'd); *U.S. Bank, N.A. v. Prestige Ford Garland Ltd. P'ship,* 170 S.W.3d 272, 279 (Tex. App.–Dallas 2005, no pet.). In other words, failure of consideration occurs because of subsequent events. *See City of The Colony,* 272 S.W.3d at 733; *U.S. Bank, N.A.,* 170 S.W.3d at 279. For example, one party's failure to perform its obligations under the agreement may result in the other party's failure to receive the consideration set forth in the agreement. *See City of The Colony,* 272 S.W.3d at 733; *U.S. Bank, N.A.,* 170 S.W.3d at 279. There is a clear distinction between lack of consideration and failure of consideration. *Burges*, 304 S.W.3d at 628. In order to show a failure of consideration there should be evidence that a contract had been formed and that the performance of one of the parties failed. *Id*. In other words, for consideration to fail, it must have been valid at one point and later fail. *Johnson v. Bond*, 540 S.W.2d 516, 520 (Tex. App.–Fort Worth 1976, writ ref'd n.r.e.). Lack of consideration, on the other hand, means that there was never consideration. *Id.*

In *Shaw v. McShane*, 50 S.W.2d 278 (Tex. Comm'n App.1932, judgm't adopted), a bank director executed a note in return for the bank's money which was applied to protect a lien interest of the bank. *Id.* at 279. Although the director received no benefit directly or indirectly, the note was held to be supported by consideration. *Id*. The court stated that a note given for money borrowed for the sole benefit of a third party is based upon a valid consideration. *Id.* at 281.

Here, there is no evidence of an event occurring after the contract was signed that prevented performance. Trujillo simply did not pay on the note. *See O'Shea v. Coronado Transmission Co.*, 656 S.W.2d 557, 563 (Tex. App.–Corpus Christi 1983, writ ref'd n.r.e.). The funds were utilized by Trujillo to extinguish a debt owed by Jeff Read and Circle-R to Frank Roman. It is clear that both Burrows and Trujillo knew this from the start, and that Burrows initially refused to lend Read and Circle-R the money. It was only when Trujillo agreed to sign the note that the money was lent. We do not know why the transaction occurred as it did. But there was no failure of consideration. While Trujillo himself did not receive the money in question, the agreed statement of facts shows that the funds were distributed according to Trujillo's instructions. The funds were delivered to the law offices of Tom Wilkins and were distributed pursuant to Trujillo's instructions. There is no evidence by way of the agreed statement of facts showing any supervening cause that prevented performance. We sustain Burrows's first issue.

By his second issue, Burrows argues that the trial court erred in failing to award him attorney's fees. Burrows claims that the parties stipulated to the amount of reasonable and necessary fees and that the correct amount is $64,261.99. Trujillo merely stated, in response, that he raised a valid defense and that Burrows is not entitled to recover attorney's fees. The parties stipulated that "a true and correct copy of the amount of reasonable and necessary attorney's fees incurred by Bobby Burrows, Sr. to date is attached hereto as Exhibit H." By agreement, the parties stipulated to both the reasonableness and necessity of the fees incurred by Burrows. The exhibit, attached to the agreed statement of facts, set forth the entire amount of fees owed. It also included copies of invoices sent to Burrows by his attorneys from March 31, 2006, when the original

7

demand letter was sent until January 31, 2010, which included billing records for the trial of the case.  Because attorney's fees were properly provided in the note, and because the parties stipulated that the amount of fees was reasonable and necessary, we sustain Burrows's second issue.

## IV. Conclusion

We reverse and remand for entry of judgment in favor of appellant Bobby Burrows, Sr. on the promissory note in the amount of $170,000, attorney's fees in the amount of $64,261.99, and for interest owed on the promissory note.


ROSE VELA
Justice



Delivered and filed the
21st day of October, 2010.