NUMBER 13-10-245-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG


 

 

BOBBY BURROWS, SR., Appellant,

 

v. 


MARGARITO TRUJILLO, Appellee.

 


On appeal from the County Court at Law No. 6

of Hidalgo County, Texas.


 


MEMORANDUM OPINION



Before Chief Justice Valdez and Justices Rodriguez and Vela


Memorandum Opinion by Justice Vela



 Appellant, Bobby Burrows, Sr., appeals a judgment entered in favor of appellee,
Margarito Trujillo, in a suit on a promissory note. The case was presented to the trial court
on an agreed statement of facts. See Tex. R. Civ. P. 263. The trial court entered a 
judgment stating that Trujillo established the affirmative defense of failure of consideration
as a matter of law. Burrows argues on appeal that the trial court erred in: (1) finding for
Trujillo on his affirmative defense of failure of consideration and should have found in
Burrow's favor on the promissory note and; (2) failing to award him attorney's fees. We
reverse and remand. 

I. Background

 The parties entered into the following stipulated statement of facts: 

 1. On or about the fall of 2005, Margarito Trujillo and Jeff Reed
approached Bobby Burrows, Sr. and requested a loan to pay off a real estate
note and lien owed to a Frank Roman by Jeff Reed and his company Circle-R, Inc. Bobby Burrows, Sr. denied their first request. 

 

 2. Shortly after making their first request, Margarito Trujillo and Jeff
Reed approached Bobby Burrows, Sr. once again for a loan to pay off a real
estate note and lien to Mr. Roman and this time, Mr. Trujillo agreed that he
would sign a promissory note in the amount of $170,000.00, and agreed to
pledge as security for the promissory note with various pieces of heavy
equipment. 


 3. In reliance upon Mr. Trujillo's agreement to sign a promissory note
with collateral, Mr. Burrows agreed to make the loan to Margarito Trujillo as
requested so that the real estate note and lien that Jeff Reed and Circle-R,
Inc. had with Frank Roman could be paid off. 

 

 4. On October 28, 2005, Margarito Trujillo, as the maker, knowingly
and voluntarily signed the Promissory Note (the "Note"), and Bobby Burrows,
Sr. is the legal owner and holder of the Note.

 

 5. The principal amount of the Note is $170,000.00. The interest rate
for unpaid principal specified in the Note is Eight Percent (8%) Per Year. 
The interest rate for matured, unpaid amounts specified in the Note is the
maximum rate allowed by law.

 

 6. The Note was secured by a Security Agreement signed by
Margarito Trujillo, dated October 28, 2005. 

 

 7. The maturity date of the Note was due and payable on January 28,
2006, and the principal and interest amount was due at maturity (90 days). 



 8. On November 1, 2005, Bobby Burrows, Sr., as instructed by Mr.
Trujillo, transferred the sum of $170,000.00 to the trust account of the Law
Offices of Tom Wilkins.


 9. On November 1, 2005, Tom Wilkins issued a trust check payable
to Frank Roman in the amount of $161,682.14, representing the note
payment and for the release of lien owed by Jeff Reed and Circle-R, Inc. 


 10. On November 1, 2005, Tom Wilkins issued a trust check payable
to the Law Office of Tom Wilkins in the amount of $8,317.86, representing
the legals fees in this transaction.


 11. On November 1, 2005, after receiving payment in the amount of
$161,682.14, Frank Roman signed a Release of Lien in favor of Circle-R,
Inc. 

 

 12. Margarito Trujillo did not receive any money from the $170,000.00
loan. 

 

 13. Margarito Trujillo failed to make the principal and interest
payment on the due date of January 28, 2006.

 

 14. On March 21, 2006, Bobby Burrows, Sr. sent a demand letter to
Margarito Trujillo, demanding payment pursuant to the terms of the Note.

 

 15. Margarito Trujillo did not respond to the demand letter and has
made no payments on the Note. To date, the Note remains due and owing. 


 16. The Note also provides that "Borrower also promises to pay
reasonable attorney's fees and court and other costs if this note is placed in
the hands of an attorney to collect or enforce the note. These expenses will
bear interest from the date of advance at the Annual Interest Rate on
Matured, Unpaid Amounts. . . ." 


 17. The parties agree that the court take judicial notice of the
contents of the court's file, including the pleadings and court orders. 


 II. Standard of Review

 A case submitted under rule 263 is a request by the parties for judgment in
accordance with applicable law. Patterson-UTI Drilling Co. v. Webb County Appraisal Dist.,
182 S.W.3d 14, 17 (Tex. App.-San Antonio 2005, no pet.). There are no presumed
findings in favor of the judgment in a case submitted under rule 263 because the trial court
had no factual issues to resolve. Id. The only issue to resolve on appeal is whether the
trial court correctly applied the law to the agreed facts. Id. Our review is de novo in an
agreed facts case because the issue before us is purely a question of law. Id.

 To recover for a debt due and owing on a promissory note as a matter of law, the
holder must establish: (1) the existence of the note in question; (2) that the defendant
executed the note; (3) that the plaintiff is the legal holder of the note; and (4) a certain
balance due and owing on the note. Austin v. Countrywide Homes Loans, 261 S.W.3d 68,
72 (Tex. App.-Houston [1st Dist.] 2008, pet. denied).

 The parties have stipulated to each element of Burrows' claim: (1) that Burrows is
the legal owner and holder of the note; (2) that Trujillo executed the instrument; and (3)
that there is a note. They also stipulated that the amount due and owing on the note is
$170,000, plus interest. The parties also agreed that the note provided that the borrower
promised to pay reasonable attorney's fees and costs and a true and correct copy of the
amount of attorney's fees is attached as an exhibit to the agreed statement of facts. 

III. Analysis

 Burrows claims that the trial court erred in deciding that Trujillo established his
affirmative defense of failure of consideration as a matter of law. We agree. It is
undisputed that Trujillo did not actually receive any of the funds from the $170,000.00 loan.
Rather, the money was for the benefit of Jeff Reed and Circle-R, Inc. It was at Trujillo's
request that the transaction took place. 


 Consideration is a present exchange bargained for in return for a promise. Roark
v. Stallworth Oil & Gas, Inc., 813 S.W.2d 492, 496 (Tex. 1991). It can be either a benefit
to the promisor or a detriment to the promisee. Id. Consideration may consist of some
right, interest, profit, or benefit that accrues to one party; or, alternatively, of some
forbearance, loss, or responsibility that is undertaken or incurred by the other party. 
Frequent Flyer Depot, Inc. v. Am. Airlines, Inc., 281 S.W.3d 215, 224 (Tex. App.-Fort
Worth 2009, pet. denied). Paying money or surrendering a legal right ordinarily represents
valid consideration. See N. Natural Gas Co. v. Conoco, Inc., 986 S.W.2d 603, 607 (Tex.
1998). 

 Lack of consideration occurs when the contract, at its inception, does not impose
obligations upon both parties. Burges v. Mosley, 304 S.W.3d 623, 628 (Tex. App.-Tyler
2010, no pet.). The existence of a written contract presumes consideration for its
execution. Id. 

 Here, there was consideration. Trujillo promised to pay the note when it matured
as evidenced by his signature on the note. Burrows relied on the promise and lent Trujillo
$170,000, even though it was not Trujillo who, in fact, received the funds. The agreed
statement of facts acknowledges that, in reliance upon Trujillo's agreement to sign a
promissory note with collateral, Burrows agreed to make the loan to Trujillo so that the real
estate note and lien that Jeff Reed and Circle-R, Inc. owed to Frank Roman could be paid. 
There was consideration as a matter of law.

 Regardless, Trujillo's argument before the trial court and on appeal is not lack of
consideration, rather, he claims that there was a failure of consideration because Trujillo
did not actually receive the funds at issue. Failure of consideration occurs when, due to
a supervening cause after an agreement is reached, the promised performance fails. City
of The Colony v. N. Tex. Mun. Water Dist., 272 S.W.3d 699, 733 (Tex. App.-Fort Worth
2008, pet. dism'd); U.S. Bank, N.A. v. Prestige Ford Garland Ltd. P'ship, 170 S.W.3d 272,
279 (Tex. App.-Dallas 2005, no pet.). In other words, failure of consideration occurs
because of subsequent events. See City of The Colony, 272 S.W.3d at 733; U.S. Bank,
N.A., 170 S.W.3d at 279. For example, one party's failure to perform its obligations under
the agreement may result in the other party's failure to receive the consideration set forth
in the agreement. See City of The Colony, 272 S.W.3d at 733; U.S. Bank, N.A., 170
S.W.3d at 279. There is a clear distinction between lack of consideration and failure of
consideration. Burges, 304 S.W.3d at 628. In order to show a failure of consideration
there should be evidence that a contract had been formed and that the performance of one
of the parties failed. Id. In other words, for consideration to fail, it must have been valid
at one point and later fail. Johnson v. Bond, 540 S.W.2d 516, 520 (Tex. App.-Fort Worth
1976, writ ref'd n.r.e.). Lack of consideration, on the other hand, means that there was
never consideration. Id. 
 In Shaw v. McShane, 50 S.W.2d 278 (Tex. Comm'n App.1932, judgm't adopted),
a bank director executed a note in return for the bank's money which was applied to protect
a lien interest of the bank. Id. at 279. Although the director received no benefit directly or
indirectly, the note was held to be supported by consideration. Id. The court stated that
a note given for money borrowed for the sole benefit of a third party is based upon a valid
consideration. Id. at 281.

 Here, there is no evidence of an event occurring after the contract was signed that
prevented performance. Trujillo simply did not pay on the note. See O'Shea v. Coronado
Transmission Co., 656 S.W.2d 557, 563 (Tex. App.-Corpus Christi 1983, writ ref'd n.r.e.). 
The funds were utilized by Trujillo to extinguish a debt owed by Jeff Read and Circle-R to
Frank Roman. It is clear that both Burrows and Trujillo knew this from the start, and that
Burrows initially refused to lend Read and Circle-R the money. It was only when Trujillo
agreed to sign the note that the money was lent. We do not know why the transaction
occurred as it did. But there was no failure of consideration. While Trujillo himself did not
receive the money in question, the agreed statement of facts shows that the funds were
distributed according to Trujillo's instructions. The funds were delivered to the law offices
of Tom Wilkins and were distributed pursuant to Trujillo's instructions. There is no
evidence by way of the agreed statement of facts showing any supervening cause that
prevented performance. We sustain Burrows's first issue.

 By his second issue, Burrows argues that the trial court erred in failing to award him
attorney's fees. Burrows claims that the parties stipulated to the amount of reasonable and
necessary fees and that the correct amount is $64,261.99. Trujillo merely stated, in
response, that he raised a valid defense and that Burrows is not entitled to recover
attorney's fees. The parties stipulated that "a true and correct copy of the amount of
reasonable and necessary attorney's fees incurred by Bobby Burrows, Sr. to date is
attached hereto as Exhibit H." By agreement, the parties stipulated to both the
reasonableness and necessity of the fees incurred by Burrows. The exhibit, attached to
the agreed statement of facts, set forth the entire amount of fees owed. It also included
copies of invoices sent to Burrows by his attorneys from March 31, 2006, when the original
demand letter was sent until January 31, 2010, which included billing records for the trial
of the case. Because attorney's fees were properly provided in the note, and because the
parties stipulated that the amount of fees was reasonable and necessary, we sustain
Burrows's second issue. 

 IV. Conclusion

 We reverse and remand for entry of judgment in favor of appellant Bobby Burrows,
Sr. on the promissory note in the amount of $170,000, attorney's fees in the amount of
$64,261.99, and for interest owed on the promissory note. 


 

 ROSE VELA

 Justice



Delivered and filed the

21st day of October, 2010.